(18 Misc. Rep. 564.)

McKINNEY v. LONDON et al.

(City Court of New York, General Term. November 30, 1896.)

COMPULSORY REFERENCE—ISSUE TO PLEADINGS—ITEMIZED ACCOUNT.

A plaintiff is entitled to a compulsory reference where the answer embodies three counterclaims, two for money had and received, aggregating $1,418.49, composed of about 200 items, covering a period of over two years, though the third is for goods sold and delivered, which the reply admits, but pleads payment.

Appeal from special term.

Action by George T. McKinney against Louis London and another. From an order directing a compulsory reference, defendants appeal. Affirmed.

Argued before SCHUCHMAN and O'DWYER, JJ.

Manheim & Manheim, for appellants.
Esselstyn & Ketcham, for respondent.

SCHUCHMAN, J. This is an appeal from an order directing a compulsory reference of the issues raised by the pleadings, on the ground that the examination of a long account is involved. The account involved is embodied in the two counterclaims set up in the defendants' answer. These counterclaims declare causes of action on contract, to wit, money had and received by the plaintiff, for the use of the defendants, in the amounts of $881.21 and $537.28, respectively, and which amounts are composed of about 200 separate and distinct items, spread over a period of two years. The third counterclaim sets up a cause of action for goods sold and delivered, to the amount of $89.18, and the reply admits the count, but pleads payment thereof. The issue thus raised by the plaintiff inures to his benefit. He could claim a jury trial on that issue; but he applied for the reference, and thereby waives his right of a jury trial. It does not lie with the defendants to demand a jury trial, as plaintiff's rights. The case of Peabody v. Cortada (Sup.) 21 N. Y. Supp. 680 (which holds. that, where the complaint sets up several causes of action, one of which, at least, is not referable, a compulsory reference should not be granted), does, therefore, not apply to this case. The causes of action in the defendants' answer not sounding in fraud or deceit, the rule that actions in tort are not referable does not apply.

Order appealed from affirmed, with costs.

O'DWYER, J., concurs.